**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MICHAEL ALAN STACY,**
**ADC #127239**                                                                                              **PLAINTIFF**

**V.                         CASE NO. 4:17-CV-153-SWW-BD**

**MATT RICE, et al.**                                                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.     Background:**

Plaintiff Michael Alan Stacy, an inmate that was housed at the Faulkner County Detention Center ("Detention Center"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) In his complaint, Mr. Stacy raises a

1

conditions-of-confinement claim, alleging that he was exposed to black mold and rust in the showers at the Detention Center.[1] (#2, #5)

Defendants have moved for summary judgment on all claims. (#38) Mr. Stacy has filed a response. (#42)

### III. Standard:

In a summary judgment, the court rules in favor of a party without the need for a trial. A moving party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Here, the Defendants have moved for summary judgment, so they bear the burden of coming forward with evidence showing that there is no real dispute as to the facts.

### IV. Facts:

Mr. Stacy alleges that over the five-and-a-half months he was housed at the Detention Center, he was exposed to black mold in the showers; he also alleges that rust from the shower ceiling fell into his eye causing him to suffer blurry vision. (#2, #5) According to Mr. Stacy, Defendant Spikes brought bleach to kill the mold, but the mold grew back. (#2, #5) Mr. Stacy alleges Defendants Williams, Andrew, Spikes, Bryant and

---

[1] Mr. Stacy's deliberate-indifference claims were dismissed. (#16)

Overman knew about the mold and rust, but failed to correct the unsafe conditions. (#5) Mr. Stacy sues Defendant Rice as the acting sheriff of Faulkner County because according to Mr. Stacy, it is his job to run the county jail. (#42)

    Defendants attached the affidavit of Chris Riedmueller, the Detention Center administrator, in support of their motion. (#40-1) According to Mr. Riedmueller, detainees clean the showers daily. Three time per day, detainees are provided cleaning supplies, including mops, brooms, soap, and liquid cleaning agents. In addition to daily cleaning, the shower areas are power-washed weekly.

    Mr. Riedmueller states that he has not found black mold or rust during his inspections of the Detention Center; and representatives from the Arkansas Criminal Detention Facilities Review Committee inspected the detention center in September of 2016 and in May of 2017 and did not find evidence of black mold. (#40-1) In response to the Defendants' motion, Mr. Stacy disputes that inmates clean the showers daily or that they are regularly provided cleaning supplies. (#42)

    On November 19 and 20, 2016, Mr. Stacy filed grievances complaining that he was experiencing blurry vision as a result of cleaning rust from the showers. (#41-1, p.4-5) According to the affidavit of Dr. Gary Stewart, however, on December 8, 2016, he examined Mr. Stacy. At that appointment, Mr. Stacy did not complain about, or mention, any problems with his eyes. (#40-2)

3

## V. Discussion:

### A. Official Capacity Claims

Mr. Stacy's claims against the Defendants in their official capacities are, in effect, claims against Faulkner County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir.2010). Faulkner County cannot be held are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the misconduct of a county employee only if the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir.2009). Here, Mr. Stacy has not alleged or provided evidence of any unconstitutional policy or custom that caused him harm. Accordingly, Mr. Stacy's claims against the Defendants in their official capacities should be dismissed.

### B. Defendant Rice

Mr. Stacy sues Defendant Rice based on his position as a supervisor. In case brought under § 1983 action, a supervisor is not vicariously liable for the unconstitutional acts of his or her subordinates unless the supervisor was personally involved in some way. In other words, supervisors are not automatically liable for the unconstitutional acts of those they supervise. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Here, there are no allegations that Defendant Rice had knowledge of any unconstitutional conditions, or that he participated in any way in a failure to deal with unconstitutional conditions of

confinement. Accordingly, all claims against Defendant Rice should be dismissed, with prejudice.[2]

C.      Defendants Williams, Andrew, Spike, Bryant and Overman

Mr. Stacy sues Defendants Williams, Andrew, Spike, Bryant and Overman for knowingly subjecting him to unconstitutional conditions of confinement. While the Constitution "does not mandate comfortable prisons," inmates and detainees are protected from "extreme deprivations" that deny "the minimal civilized measure of life's necessities."[3] *Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Thus, an inmate or detainee can claim damages for conditions that pose "a substantial risk of serious harm to his health or safety." *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996). Conditions, however, must be sufficiently serious for the court to examine whether prison officials acted with deliberate indifference to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). For purposes of claims for

---

[2] Mr. Stacy in his response, for the first time, mentions Sheriff Ryals, probably because the Defendants referred to Sheriff Ryals in their brief in support of the motion for summary judgment. (#39, #42) Mr. Stacy did not name Sheriff Ryals in his Complaints and the Sheriff is not a Defendant.

[3] Technically, Mr. Stacy's claims are analyzed under the Fourteenth Amendment's due process clause, rather than the Eighth Amendment's cruel and unusual punishment clause, because he was a pretrial detainee when he filed this lawsuit. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Eighth Circuit applies the same standard in conditions-of-confinement claims whether brought under the Fourteenth or Eighth Amendment. See *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006).

unconstitutional conditions of confinement, deliberate indifference means "reckless disregard of the known risk." This is a higher standard than negligence or even gross negligence. *Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011); *Reyolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Construing the facts in a light most favorable to Mr. Stacy, he was exposed to mold for five-and-a-half months when showering. Mr. Stacy concedes that mold was not always present, but rather, reappeared from time to time. He alleges that Defendant Spikes cleaned the mold in the shower with bleach, but eventually the mold returned.

Not all strains of mold are toxic. See Erin Masson Wirth, Toxic Mold in Residences and Other Buildings: Liability and Other Issues, 114 A.L.R. 5th 397, § 2a (2003)(of 100,000 species of mold, most are not dangerous). Mr. Stacy has offered no evidence that the shower mold was toxic or that he suffered any harm as a result of periodic exposure. Rather he simply asserts, "[p]eople die's [sic] from black mold when it gets in their lungs." (#5) Mr. Stacy's assertion that other people die from black mold is not enough for him to defeat the Defendants' motion for summary judgment.

Mr. Stacy also asserts that rust from the ceiling fell into his eye and caused blurry vision. There is no evidence that his blurry vision is related to the rust in the showers, other than Mr. Stacy's self-reports. It is undisputed that Mr. Stacy did not mention blurry vision when he visited with the doctor after grieving about rust. Mr. Stacy has come forward with no evidence to support his assertion that rust caused him harm.

6

Accordingly, Mr. Stacy has not rebutted the Defendants' evidence or come forward with any evidence that he was exposed to a serious risk of harm from rust in the showers.

Even when the mold and rust are considered together, Mr. Stacy's claims fall short. Intermittent mold and rust exposure in the shower for a period of five or six months, without any evidence indicating toxicity or harm, is not a condition that rises to the level of a constitutional violation. Defendants Williams, Andrew, Spike, Bryant and Overman are entitled to qualified immunity because Mr. Stacy cannot show a violation of his constitutional rights.

## VI. Conclusion:

The Court recommends that Defendants' motion for summary judgment (#38) be GRANTED and the case be DISMISSED, with prejudice.

DATED this 28th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE